IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD GONZALEZ, | ) |
| Petitioner, | ) |
| v. | ) No. 12 C 650 |
| MICHAEL P. ATCHINSON, Warden, | ) Judge Virginia M. Kendall |
| Respondent. | ) |

# **MEMORANDUM OPINION AND ORDER**

Petitioner Richard Gonzalez is incarcerated at Menard Correctional Center in Menard, Illinois, where he is in the custody of the warden of the facility, Michael P. Atchinson. Gonzalez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Atchinson moves to dismiss the petition as untimely. For the following reasons, Atchinson's Motion to Dismiss is granted. [1]

## **I. BACKGROUND**

In 2008, a Cook County jury convicted Gonzalez of armed robbery with a firearm and of being an armed habitual criminal. (Dkt. 22, Motion to Dismiss, Ex. A). He was sentenced to thirty years imprisonment for each crime, with the sentences to run concurrently. (*Id*.) The intermediate state appellate court, the Illinois Court of Appeals, affirmed the conviction and sentence on February 5, 2010. (*Id*.) Gonzalez's petition for leave to appeal to the Illinois

---

[1] As an initial matter, the Court notes that Gonzalez failed to respond to this motion. Gonzalez was originally ordered to respond by June 30, 2014, but was later granted an extension to November 5, 2014. It has now been four months since the extended deadline and Gonzalez has failed to respond or otherwise inform this Court of his position. The Court, therefore, now rules without the benefit of his response.

Supreme Court—the State's highest court for criminal appeals—was denied on May 26, 2010. (Dkt. 22, Motion to Dismiss, Ex. C).

Gonzalez did not seek review in the United States Supreme Court. Instead, on August 9, 2010, he filed a postconviction petition pursuant to 725 ILCS 5/122-1, *et seq*., alleging ineffective assistance of counsel. (Dkt. 22, Motion to Dismiss, Ex. G). The state trial court dismissed his petition on September 15, 2010. (Dkt. 22, Motion to Dismiss, Ex. D). Gonzalez, claiming he did not receive notice of the dismissal until December 28, 2010, mailed a late notice of appeal to the state trial court on December 31, 2010. (Dkt. 22, Motion to Dismiss, Ex. E). The trial court denied Gonzalez leave to appeal on January 14, 2011 and the Illinois Court of Appeals affirmed on April 28, 2011. (Dkt. 22, Motion to Dismiss, Ex. D, E). On August 9, 2011, Gonzalez filed a motion for a supervisory order from the Illinois Supreme Court to direct the appellate court to allow his late notice of appeal. (Dkt. 22, Motion to Dismiss, Ex. E). That motion was denied on September 23, 2011. (Dkt. 22, Motion to Dismiss, Ex. F).

On January 30, 2012, Gonzalez filed this petition for writ of habeas corpus. Gonzalez alleges he is entitled to relief because he was denied his constitutional right to effective assistance of counsel at trial and on appeal. He then sought leave to file a successive petition for postconviction relief in state court on April 26, 2012. (Dkt. 22, Motion to Dismiss, Ex. G). His petition was denied on June 12, 2012. Gonzalez filed an appeal, but shortly thereafter successfully moved to dismiss the same. (Dkt. 22, Motion to Dismiss, Ex. G).

## II. DISCUSSION

### A. GONZALEZ'S CLAIMS ARE UNTIMELY

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year period of limitation to an application for writ of habeas corpus by a person in custody pursuant to

the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. The AEDPA also provides that the time during which a properly filed application for state postconviction relief or other collateral review is pending shall not be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2).

In this case, the Illinois Supreme Court denied Gonzalez's petition for leave to appeal on May 26, 2010. (Dkt. 22, Motion to Dismiss, Ex. C). Gonzalez had ninety days to appeal that decision to the Supreme Court of the United States, but chose not to do so. Accordingly, his conviction became final on August 24, 2010, the deadline by which he could have petitioned for certiorari. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012) (holding that judgment became final upon expiration of time to seek direct review by the Supreme Court of the United States in case where such review was not sought). Under the AEDPA, the statute of limitations for Gonzalez to file his habeas petition would have started running on August 24, 2010 except that it except that it was tolled by his filing of a postconviction petition in the Illinois trial court on August 9, 2010. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under [28 USC § 2244(d)(1)].").

3

Gonzalez's postconviction petition was dismissed by the state trial court on September 15, 2010 and Gonzalez did not timely appeal. The statute of limitations, therefore, began to run on October 15, 2010, the date by which he could have appealed the dismissal of his postconviction petition to the Illinois Court of Appeals. *See Lawrence v. Fla.*, 549 U.S. 327, 332 (2007) ("[A] state postconviction application remains pending until the application has achieved final resolution through the State's postconviction procedures."). Accordingly, the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) ran from October 15, 2010 until it expired on October 15, 2011. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that calculation of the one-year statute of limitations does not include day statute begins to run). Gonzalez did not file his petition for writ of habeas corpus until January 30, 2012, more than three months after the statute of limitations expired.

Even if Gonzalez's failure to timely appeal the dismissal of his petition for postconviction relief was the result of his not receiving prompt notice of the dismissal, his petition is still time barred. The AEDPA only tolls the one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review…is pending." 28 U.S.C. § 2244(d)(2). The period during which an application for state postconviction review is "pending" includes the "period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006). In general, "time limits, no matter their form, are 'filing' conditions" and, "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes for § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotations omitted). The mere fact that Gonzalez unsuccessfully sought leave to file a late notice of appeal from the Illinois Court of

Appeals and the Illinois Supreme Court does not warrant deviation from this basic principle. *See, e.g., Streu v. Dormire,* 557 F.3d 960, 966 (8th Cir. 2009) (*citing McMillan v. Sec'y for Dep't of Corrections,* 257 F. App'x 249, 252 (11th Cir. 2007); *Allen v. Mitchell,* 276 F.3d 183, 186 (4th Cir. 2001); *Melancon v. Kaylo,* 259 F.3d 401, 407 (5th Cir. 2001); *Gibson v. Klinger,* 232 F.3d 799, 807 (10th Cir. 2000); *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) (holding that "an application is not 'pending' between the expiration of the time for appeal and the filing of a petition for belated appeal").

Moreover, the petition is not saved by the doctrine of equitable tolling.[2] The petitioner bears the burden of proving equitable tolling. *Ray v. Clements*, 700 F.3d 993, 1020 (7th Cir. 2012). The doctrine is only available where a petitioner can show that extraordinary circumstances prevented him from filing his § 2254 petition within the statutory time limits. *See Holland v. Fla.,* 130 S. Ct. 2549, 2560 (2010); *Griffeth v. Rednour,* 614 F.3d 328, 331 (7th Cir. 2010). In addition, the petitioner must establish that he pursued his rights diligently. *See DiGuglielmo,* 544 U.S. at 418; *Janssen v. Pugh,* 394 F. App'x 305, 306 (7th Cir. 2010). The circumstances alleged by the petitioner must be truly "extraordinary" in order to warrant the application of equitable tolling. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (holding that limited resources or the lack of legal expertise are insufficient to invoke equitable tolling); *Jones v. Hulick,* 449 F.3d 784, 789 (2006) (refusing to apply equitable tolling when the petitioner had been placed in segregation for sixty days without access to the law library and as a result was twenty days late in filing his habeas petition.).

Here, the fact that Gonzalez was not represented by counsel for most of the time during which the limitations period ran and that he was delayed in filing his notice of appeal does not

---

[2] Gonzalez did not file a response to the Motion to Dismiss or expressly raise an "equitable tolling" argument in his Petition. However, because he alleged facts to support such an argument and Atchinson addressed the same in his motion, this Court briefly addresses its merits.

warrant equitable tolling. The Seventh Circuit has repeatedly rejected the lack of legal counsel as a reason for failing to meet the statute of limitations as a ground for the application of equitable tolling. *See Tucker,* 538 F.3d at 735 ("standing alone, the lack of legal expertise is not a basis for invoking equitable tolling"); *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008) (holding that an inmate's *pro se* status did not constitute an extraordinary circumstance sufficient to warrant equitable tolling); *Johnson v. Chandler,* 224 F. App'x 515, 520 (7th Cir. 2007) (same); *cf. Williams v. Sims,* 390 F.3d 958, 963 (7th Cir. 2004) (holding that allowing tolling would undermine the purpose of statutes of limitations for people being sued by those representing themselves). Gonzalez's unfamiliarity with the applicable legal rules and his status as an inmate are not, by themselves, enough to constitute an "extraordinary circumstance." *See, e.g., Janssen,* 394 F. App'x at 306 ("run-of-the-mill difficulties" such as lacking knowledge about the law not extraordinary circumstance); *U.S. ex rel. Laughlin v. Gaetz,* 2011 WL 336143, at *4 (N.D. Ill. 2011) ("ignorance of the law or of the limitations period" inadequate to warrant equitable tolling). There are no specific facts in the § 2254 motion suggesting that Gonzalez diligently pursued his § 2254 motion but ultimately filed it late due to compelling, extraordinary obstacles. His petition is therefore time barred.

## B. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a state court unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). As in this case, where the court dismisses a petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). However, where a "plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. at 484. On the record currently before this Court, Gonzalez's habeas petition is clearly time-barred. No reasonable jurist could conclude that the court has erred in dismissing the petition and, accordingly, the court denies Gonzalez a certificate of appealability.

## CONCLUSION

For the reasons set forth above, this Court grants Atchinson's Motion to Dismiss Gonzalez's Petition for Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). Gonzalez's petition is dismissed with prejudice and this Court denies Gonzalez a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 3/26/2015